POWELL v SOUTHFIELD MOTEL ASSOCIATES

1. COURTS—COURT RULES—JOINDER OF CLAIMS—THIRD-PARTY PRAC-
   TICE—THIRD-PARTY CLAIM IN EXCESS OF PRINCIPAL CLAIM.

   A principal defendant may assert a claim against a third-party
   defendant in excess of the amount involved in the principal
   claim where the third-party claim is related to the transaction
   or occurrence which gave rise to the principal claim (GCR 1963,
   203).

2. COURTS—COURT RULES—JOINDER OF CLAIMS—THIRD-PARTY PRAC-
   TICE—THIRD-PARTY CLAIM IN EXCESS OF PRINCIPAL CLAIM—DIS-
   MISSAL OF CLAIM—SEPARATE TRIAL.

   The dismissal of a principal defendant's claim against a third-
   party defendant because it exceeds the amount of the principal
   claim is error where the claim against the third party arises
   out of the same transaction or occurrence which gave rise to
   the principal claim, because any prejudice which might result
   from a consolidation of the claims may be obviated by resort to
   separate trials of the separate claim where there is no showing
   of probable prolonged delay on the record (GCR 1963, 505.2).

Appeal from Wayne, Neal Fitzgerald, J. Submit-
ted Division 1 October 5, 1972, at Detroit. (Docket
No. 13493.) Decided November 28, 1972.

Complaint by Jewell M. Powell against South-
field Motel Associates for breach of contract.
Southfield Motel Associates added Timmer Con-
struction Company and Spalding DeDecker & As-
sociates, Inc., as third-party defendants for indem-
nification and also asserted a claim against both
third-party defendants for breach of contract in an
amount in excess of the principal plaintiff's claim.
Southfield Motel Associates appeals from an order

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 20 Am Jur 2d, Courts §§ 167, 168.

limiting damages to the amount of the principal plaintiff's claim. Reversed and remanded.

*Kenney, Kenney, Chapman & Prather* (by *John A. Cook),* for defendant Southfield Motel Associates.

*Joslyn & Keydel* (by *Harvey B. Wallace, II),* for defendant Timmer Construction Company.

*Plunkett, Cooney, Rutt & Peacock* (by *Sarah Wildgen Sweet),* for defendant Spalding DeDecker & Associates, Inc.

Before: LESINSKI, C. J., and FITZGERALD and J. H. GILLIS, JJ.

PER CURIAM. The issue raised on this interlocutory appeal is whether a principal defendant, having properly impleaded a third-party defendant pursuant to GCR 1963, 204, may assert a claim against the third-party defendant in an amount in excess of the principal plaintiff's claim. The trial court answered this question in the negative.

The difficulty lies in the wording of Rule 204, which is derived from FR Civ P, 14. The Federal courts, constructing Federal Rule 14, have split on this issue;[1] however, Federal decisions are not particularly helpful in this case because they involve extraneous jurisdictional considerations which have no counterparts in actions in state courts of general jurisdiction. It is sufficient to note that Rule 204 of the General Court Rules deals only with the joinder of parties, and not the joinder of claims. See 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 471.

[1] *Noland Co v Graver Tank & Manufacturing Co,* 301 F2d 43 (CA 4, 1962); *Schwab v Erie Lackawanna R Co,* 438 F2d 62 (CA 3, 1971).

The rule governing joinder of claims is GCR 1963, 203. Rule 203 is broadly phrased and, as we construe it, permits the assertion of any claim by a third-party plaintiff against a third-party defendant, regardless of amount, as long as such claim is related to the transaction or occurrence which gave rise to the principal claim. This construction is in accord with GCR 1963, 13, and with the policy and philosophy of the General Court Rules and with the efficient administration of justice.

Therefore, the principal defendant should be permitted to assert its claim, despite the fact that it exceeds the amount involved in the principal claim. Any prejudice which might result from a consolidation of the principal claim and the third-party claim may be obviated by resort to separate trials of the separate claims, pursuant to GCR 1963, 505.2. While separate trials of the individual claims is permissible, dismissal of the third-party claim is improper, absent a showing of probable prolonged delay, which is not made on this record. *Cf. Moyses v Spartan Asphalt Paving Co,* 383 Mich 314 (1970).

Reversed and remanded for further proceedings. Costs to abide outcome.